UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BYRON PARFFREY and ANGELINE PARFFREY, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-W2 C/O OCWEN LOAN SERVICING, <br><br> Defendants. | § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. |

## DEFENDANTS' NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W2 ("Trustee"), incorrectly named as "Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W2 C/O Ocwen Loan Servicing," and Ocwen Loan Servicing, LLC ("Ocwen"), incorrectly named as "Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W2 C/O Ocwen Loan Servicing," (together, "Defendants") hereby remove this action from the 11th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In support of such removal, Defendants state as follows:

## I. STATE COURT ACTION

1. On December 29, 2016, Plaintiffs Byron Parffrey and Angeline Parffrey ("Plaintiffs") filed their Original Petition and Request for Disclosures (the "Complaint") in the 215th Judicial District Court of Harris County, Texas, in an action styled *Byron Parffrey and Angeline Parffrey v. Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Assset-Backed Pass-Through Certificates, Sereies 2005-W2 C/O Ocwen Loan Servicing, LLC*, Case No. 2016-88401 (the "State Court Action"). The State Court Action was then transferred to the 11th District Court on January 2, 2017.

2. The lawsuit concerns Plaintiffs' Texas Home Equity mortgage loan related to the real property located at 2610 Tudor Manor, Houston, Texas 77082 (the "Property"). Plaintiffs claim that their loan violates portions of the Texas Constitution. Plaintiffs also claim that the loan was accelerated over four years ago, and Defendants' right to foreclose the lien is now barred by the statute of limitations. They seek disgorgement of all payments they made on the loan since inception. They also seek declarations from the Court providing that the lien is void on these bases and also permanent injunctive relief preventing foreclosure. They also seek their attorneys' fees incurred in this action.

3. Trustee was served on January 19, 2017. Ocwen was served on January 20, 2017. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446.

4. As discussed below, this Court has jurisdiction over this action on the basis of diversity jurisdiction.

## II. PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1441.

6.  Pursuant to Local Rule 81, and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

(a) An index of all matters being filed (Exhibit A);

(b) A copy of the docket sheet in the State Court Action (Exhibit A-1);

(c) All process in the case (Exhibit A-2);

(d) Pleadings asserting causes of action and all answers to such pleadings (Exhibit A-3-A-4);

(e) All orders signed by the state judge (A-5);

(f) A list of all counsel of record (Exhibit B);

(g) A separately signed Rule 7.1 disclosure statement (Exhibit C); and

(h) A copy of the Harris County Appraisal District Detail for the Property at issue in this lawsuit (Exhibit D).

7.  Simultaneously with the filing of this Notice, Defendants are also filing notice in the 11th Judicial District Court in Harris County, Texas, and providing Plaintiffs with copies pursuant to 28 U.S.C. § 1446(d).

### III. THIS COURT HAS DIVERSITY JURISDICTION

8.  Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a) and 1441(a). Complete diversity exists in this case because no defendant is a citizens of Texas or of the same state as Plaintiffs. As set forth below, the amount in controversy requirement is also satisfied.

**A. Diversity of Citizenship**

9.  For purposes of diversity jurisdiction, "[a] natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962,

*3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiffs are natural persons and have claimed Harris County, Texas as their residence and domicile. (*See* Complaint at ¶ 5.) Accordingly, Plaintiffs are citizens of Texas for diversity purposes.

    10.    Ocwen is a limited liability corporation. Thus, its citizenship for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Ocwen is wholly-owned by, and its sole member is, Ocwen Mortgage Servicing, Inc. ("OMS"), which is a corporation. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). OMS is incorporated in and has its principal place of business in the U.S. Virgin Islands. Thus, Ocwen is a citizen of the U.S. Virgin Islands for diversity purposes.

    11.    "[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee." *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009) (citing *Navarro Savings Assoc. v. Lee*, 446 U.S. 458, 461 (1980) and *Bass v. Int'l Brotherhood of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980)). Deutsche Bank National Trust Company is the Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W2. Deutsche Bank National Trust Company is a national banking association. Accordingly, its citizenship is determined solely by the location of its main office, as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Deutsche Bank's main office is located in New York. Therefore, Trustee is a citizen of New York for diversity purposes.

    12.    Because Plaintiffs, Trustee and Ocwen are citizens of different states, and no defendant is a citizen of Texas, there is complete diversity in this case.

### B.   Amount in Controversy

13.   Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

14.   From a review of the Complaint, it is apparent that the amount at issue more likely than not exceeds $75,000 exclusive of interest and costs. Plaintiffs are seeking declaratory and injunctive relief permanently preventing foreclosure of the Property and voiding the lien. (*See* Complaint at ¶¶ 33-39 and Prayer for Relief.) They also seek attorneys' fees. (*See id.* at ¶¶ 40-41.) The amount in controversy in an action for injunctive relief "is the value of the right to be protected or the extent of the injury to be prevented." *Greenberg*, 134 F.3d at 1252–53. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry*, 2009 WL 2868224, at *2. When the right to property is at issue, courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes. *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341(5th Cir. 2013) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."); *see also Nationstar Mortgage LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (*citing Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)).

15. The current fair market value of the Property at issue is an appropriate measure of the value of the injunctive and declaratory relief and foreclosure rescission sought. According to the Harris County Appraisal District, this value is $669,242. (*See* Harris County Appraisal District Detail, a true and correct copy of which is attached hereto as Exhibit D.)[1]

16. Moreover, to determine the amount in controversy, the Court may consider actual damages and attorneys' fees. *White*, 319 F.3d at 675; *Greenberg*, 134 F.3d at 1253, n. 7 (citing *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988)). Here, Plaintiffs claim they are entitled to attorneys' fees. (Complaint at ¶¶ 40-41.) In addition, they indicate they are seeking monetary relief of all payments they made on the loan since its inception. (*Id.* at ¶ 28.) The potential for damages and attorneys' fees, coupled with the value of the property, indicate the $75,000 amount in controversy requirement will more than likely be met. *See, e.g.*, *White*, 319 F.3d at 675 (upholding district court's conclusion that compensatory damages, punitive damages, and attorney's fees would "more probabl[y] than not" exceed $75,000); *Greenberg*, 134 F.3d at 1253 n.13; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

17. Based on the foregoing, it is apparent from the face of Plaintiffs' Complaint and the current tax records for the Property at issue in this case that the value of the injunctive and declaratory relief, together with the damages sought by Plaintiffs and potential for an award of attorneys' fees, more likely than not exceeds the $75,000 jurisdictional minimum.

18. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and removal is proper.

---

[1] Defendants respectfully request that the Court take judicial notice of the Harris County Appraisal District Detail for the property, pursuant to Federal Rule of Evidence 201.

## IV. CONCLUSION

WHEREFORE, Defendants remove this action from the 11th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

/s/ Robert T. Mowrey (w/perm. EKD)
**Robert T. Mowrey**
Attorney-in-Charge
State Bar No. 14607500
S.D. Bar No. 9529
rmowrey@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopy)

OF COUNSEL:

**C. Don Clayton**
State Bar No. 24027932
Southern District Bar No. 29669
dclayton@lockelord.com
**Elizabeth K. Duffy**
State Bar No. 24050535
S.D. Bar No. 634630
eduffy@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopy)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 27th day of January, 2017 via certified mail, return receipt requested on:

**Robert "Chip" C. Lane**
**Anh Thu Dinh**
THE LANE LAW FIRM, P.L.L.C.
6200 Savoy Drive, Suite 1150
Houston, TX 77036
(713) 595-8200 (Telephone)
(713) 595-8201 (Facsimile)
*Counsel for Plaintiffs*

/s/ Elizabeth K. Duffy
*Counsel for Defendants*